**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHARLES JOSEPH KOHLER,

Plaintiff,

vs. CASE NO. 8:15-CIV-435-T-EAK-MAP

BAC HOME LOAN SERVICING, LP,

Defendant.

_________________________________________/

**ORDER GRANTING MOTION AND DISMISSING CASE**

This cause is before the Court on the Defendant's motion to dismiss (Doc. 21). The Court allowed the Plaintiff up to and including May 13, 2015 to file a response in opposition to the motion but the Plaintiff has failed to file any response.

BACKGROUND

The Plaintiff's complaint attempts to exempt his claims from being applications to review the underlying state court action, the action of foreclosure in state court, by stating that they are not. But in reading the complaint it is clear that the alleged conduct occurred during the prosecution of a foreclosure action in Pinellas County, Florida, filed by the Defendant, who was awarded final summary judgment on October 24, 2012. The Plaintiff's claim to the contrary is not sufficient to exempt the complaint from review under the relevant assertions of the Defendant.

DISCUSSION

The Court has read this complaint as liberally as possible. The Court understands that loss of property through a foreclosure action is not a pleasant end for the owner but the fact that an owner is dissatisfied does not mean that the foreclosure is somehow fraudulent. The state court is best equipped to determine all the matters pertaining to the foreclosure action. The Plaintiff did or could have pursued these same issues below.

The causes of action set out in the complaint are muddled and mingled but they seem to be for violations of the Federal Debt Collection Practices Act ("FDCPA") and Racketeer Influenced and Corrupt Organizations Act ("RICO"). However, the Court finds that these causes of action should be precluded based on the Rooker-Feldman doctrine. As stated in: *State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, L.L.C.*, 9 F.Supp.3d 1303 (M.D. Fla. 2014):

> The Rooker–Feldman doctrine prevents the federal district court from being used as [an] alternate appellate jurisdiction; its use "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Nicholson v. Shafe, 558 F.3d 1266, 1273 (11th Cir.2009) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). With its ruling in Exxon Mobil, the Supreme Court limited the preclusive action of Rooker–Feldman to those suits filed in federal court "after the state proceedings ended[.]" Exxon Mobil, 544 U.S. at 291, 125 S.Ct. 1517. The Eleventh Circuit has defined the three scenarios of a state proceeding reaching its end: "(1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved; (2) if the state action has reached a point where neither party seeks further action; or (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated." ... Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1072 (11th Cir.2013) (citing to Nicholson, 558 F.3d at 1275).

As stated by the Defendant, in this case: “the parties are the same as the parties as in the Foreclosure Action; the Foreclosure Action was resolved by summary final judgment on the merits; and Plaintiff could have raised his FDCPA and RICO claims in the foreclosure action as either affirmative defenses or counterclaims.. Plaintiff, in his FDCPA and RICO claims, is alleging that BANA has been attempting to collect a false debt by filing and prosecuting the Foreclosure Action. This is essentially a claim to nullify the state-court judgment foreclosing the mortgage securing the same debt..” (Doc. 21, pg.6). The cause of action will be dismissed with prejudice on this basis.

But further, as to the claims of violation of the Fair Debt Collection Act, the Defendant points out that: “A party enforcing a security interest is not a debt collector, and enforcement of a security interest through the foreclosure process is not a debt collection under the FDCPA. *Trent v. Mortg. Elec. Registration Sys., Inc*., 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) *aff’d* 288 F. App’x 571 (11th Cir. 2008). “The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing . . . is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." (Doc. 21, pg. 9). Accordingly, it is

**ORDERED** that the motion to dismiss (Doc. 21) be **granted** and the cause of action is dismissed with prejudice. The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 19th day of May, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record